IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY SHIFLETT,              *
         Petitioner,
                               *
v.                                    CIVIL ACTION NO.   CCB-09-2129
                               *
BALTIMORE COUNTY
         Respondent.           *

**<u>MEMORANDUM</u>**

On August 13, 2009, Jeffrey Shiflett, a state inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief regarding his state court conviction. On October 5, 2009, respondents filed an answer to petitioner's application for habeas relief claiming the petition should be dismissed due to petitioner's failure to exhaust available state court remedies. Paper No. 3. Pursuant to this court's order of August 26, 2009, petitioner was granted thirty days to file a reply. Paper No. 2. Petitioner has responded. Paper No. 4. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On September 29, 2008, in the Circuit Court for Baltimore County, Maryland, petitioner entered a guilty plea to one count of robbery and was sentenced to five years incarceration with three years probation. Paper No. 3, Ex. 1. Petitioner did not file an application for leave to appeal and his conviction became final on October 29, 2008. *See* Md. Rule 8-204; Md. Rule 8-202. On May 4, 2009, petitioner pled guilty to violating probation and received a five-year term of imprisonment. Petitioner did not seek leave to appeal and the judgment then became final on May 11, 2009. *See* Md. Rule 8-204. On July 24, 2009, petitioner instituted post-conviction proceedings in the Circuit Court for Baltimore County, challenging the 2008 robbery conviction as well as the 2009 probation

violation. *Id.*, Ex. 1-3.  The petition for post-conviction relief remains pending.[1] *Id.*

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy,* 455 U.S. 509, 518 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c).  This may be accomplished by proceeding on direct appeal and/or by way of post-conviction review.

Petitioner has not yet exhausted all of his available state court remedies.  Accordingly, his petition for habeas corpus relief shall be dismissed without prejudice in order to allow him to continue to pursue his state court claims.  Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed without prejudice for the failure to exhaust state court remedies.  A separate order shall be entered reflecting the rulings set forth herein.

   November 17, 2009  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[1] *See also* the Maryland Judiciary Case Search http://casesearch.courts.state.md.us